## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN MABLE, Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

        CASE NUMBER:

        COLLECTIVE ACTION

       Plaintiff,

v.

AT&T INC., a Foreign
Corporation & AT&T SERVICES,
INC., a Foreign Corporation

       Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND DEMAND FOR JURY TRIAL

Plaintiff, **JOHN MABLE** (hereinafter referred to as "Plaintiff" or "Mr. Mable"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through the undersigned counsel, sues, Defendants, **AT&T INC., a foreign corporation & AT&T SERVICES, INC., a foreign corporation** (hereinafter referred to as "Defendants" or "AT&T"), pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), and states as follows:

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendants.

2.     Pursuant to policy and plan, the Plaintiff and similarly situated current and former employees have been given the title of "Manager of Vendor Services" and unlawfully misclassified by Defendants as exempt employees to avoid compensating them for time worked in excess of forty (40) hours per week.

3.     Defendants failed to pay Plaintiff, and similarly situated employees, in accordance with the FLSA.   Specifically, Plaintiff and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week.   Plaintiff and similarly situated employees did not and currently do not perform work that meets the definition of exempt under the FLSA.

4.     In this pleading, the term "Manager of Vendor Services" means any employee with the title of Manager of Vendor Services, Field Manager, or any other title or position in AT&T's Digital Life department where employees perform substantially the same work as employees with that title (discovery may reveal additional job titles and employees that should be included).

5.     In this pleading, "Defendants" mean the named Defendants: AT&T

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

INC., AT&T SERVICES, INC., and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

6.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a Federal Statute, *29 U.S.C. § 216 (b)*.

8.    This Court has personal jurisdiction over this action, because AT&T operates substantial business in DeKalb County, Georgia and the damages at issue occurred in DeKalb County, Georgia.

9.    Venue is proper to this Court pursuant to *29 U.S.C. § 216(b)*.

## THE PARTIES

### The Representative Plaintiff

10.    Mr. Mable resides in Gwinnett County, Georgia. Mr. Mable was employed in AT&T's Digital Life department as a Manager of Vendor Services from approximately March of 2012 until August of 2013 at 3570 American Drive Chamblee, Georgia 30341.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

**The Defendants**

11.     Defendant, AT&T Inc., is a Delaware Corporation with its principal place of business at 208 S. Akard Street, Dallas, Texas 75202-2233.  AT&T Inc. is a multinational telecommunications corporation and one of the largest mobile telecom operators in the world.

12.     Defendant AT&T Services, Inc. is wholly owned by AT&T, Inc.  It is a Delaware corporation with its principal place of business located at 1010 N. St. St. Mary's St. Rm. 9-002 San Antonio, Texas 78215.   It provides telecommunication services.

13.     This Court possesses subject matter jurisdiction of the instant action as Mr. Mable was employed by AT&T at 3570 American Drive Chamblee, Georgia 30341.

**NATURE OF THE ACTION AND THE CLASS**
**NATIONAL CLASS OF MANAGERS OF VENDOR SERVICES**

14.     This collective action arises from an ongoing wrongful scheme by AT&T to willfully misclassify Managers of Vendor Services in its Digital Life department as exempt from the overtime benefits due under the FLSA.

15.     Plaintiff brings this suit on behalf of a collective class of similarly situated persons composed of:

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

All **Managers of Vendor Services, Field Managers** or other Vendor Services employees within AT&T's Digital Life department with other titles, who are or were employed with AT&T, within the past three years preceding this lawsuit (i.e. October 15, 2013) to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

16.     Mr. Mable believes that he can adequately represent the Collective Class and consents to doing so.

17.     Mr. Mable is a proper Class representative as he was employed by Defendant as a Manager of Vendor Services.

18.     Plaintiff alleges for himself, and on behalf of the class who elect to opt-in to this action that he is entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law.

## FACTUAL BACKGROUND

19.     AT&T is a multinational telecommunications corporation that serves millions of customers nationwide with a wide array of telecommunications services including wireless voice and data services.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

20.    As part of its services, AT&T offers a "Digital Life" package which affords customers the ability to monitor and access their home security system from a computer, smartphone or tablet.

21.    Upon information and belief, AT&T has twenty-four (24) "Digital Life" departments located in metropolitan regions nationwide.

22.    Upon information and belief, each "Digital Life" department is supervised by a Market Manager who supervises one (1) or more Managers of Vendor Services.

23.    Upon information and belief, the position of Manager of Vendor Services within AT&T's Digital Life department is uniform with regard to job duties and responsibilities, work schedules and discretion.

24.    The overtime wage provisions set forth in FLSA §207 apply to AT&T who engages in commerce under the definition of the FLSA.

25.    The position of Manager of Vendor Services is not a position that falls within any exemptions within the FLSA, 29 U.S.C. §213.

26.    The Manager of Vendor Services' job description is the same for all of AT&T's Digital Life departments.

27.    The Manager of Vendor Services' position is highly regimented, micromanaged, and lacks managerial authority.

28.    No college education is required for the Manager of Vendor Services

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

position.

29.     Mr. Mable and other similarly situated employees are currently or have previously been covered under FLSA §207.

30.     Pursuant to FLSA §207, AT&T, as the employer of Mr. Mable and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

**<u>Mr. Mable</u>**

31.     Mr. Mable worked for AT&T from April of 1998 until August of 2013.  Mr. Mable was hired as a Manager of Vendor Services, in AT&T's Digital Life Department in approximately March of 2012.

32.     As a Manager of Vendor Services, Mr. Mable did not have the ability to supervise, promote, hire, or fire other employees.

33.     As a Manager of Vendor Services, Mr. Mable's primary job duties did not involve the use of independent discretion and judgment in matter of significance such that the position does not satisfy the administrative exemption.

34.     As a Manager of Vendor Services, Mr. Mable did not have authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

35.     All "matters of significance" were determined by Plaintiff's

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

supervisors, including his Market Manager.

36.     As a Manager of Vendor Services, Mr. Mable does not fit within the executive exemption as he did not customarily and direct or supervise the work of at least two (2) or more full-time "employees," or their equivalent, for purposes of the FLSA.

37.     Mr. Mable did not supervise any employees and did not have any subordinate employees he could or did delegate work to.

38.     Mr. Mable did not have the authority to promote employees, determine their pay rates or benefits, or give raises.  Mr. Mable was unable to make any personnel decisions.

39.     Mr. Mable did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline should be. Disciplinary decisions were made by Mr. Mable's superiors and/or dictated by Defendants' company policies.

40.     Mr. Mable was not in reality a manager as that term is known within the FLSA laws.  The primary job duty of Mr. Mable was quality assurance and quality control which involved filling out forms, ordering materials and performing on-site visits.

41.     Mr. Mable's quality assurance and quality control functions involved filling out standardized forms and the bulk of his day was spent doing paperwork

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

and filling out reports.

42.    The Secretary of Labor makes it clear that "[t]he exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." *29 C.F.R. § 541.202(e)*.

43.    In his position as a Manager of Vendor Services, Mr. Mable also engaged in customer service telephone calls and spent a portion of his time responding to customer questions and complaints.

44.    Mr. Mable was paid a salary of Fifty-Two Thousand Dollars ($52,000.00) per year and an annual bonus of $4,000.00 per year.

45.    Mr. Mable was required to work seventy (70) hours per week and averaged seventy (70) hours of work per week.

46.    Mr. Mable was required to work every Saturday and was on an on-call rotation every three weeks.  During those weeks that Mr. Mable was on-call he was required to work ten to eleven hours on Saturday.  During those weeks that Mr. Mable was not on-call he was required to work approximately three (3) hours on Saturday.

47.    Mr. Mable worked these hours throughout his employment as a Manager of Vendor Services with AT&T.

48.    Defendants willfully violated FLSA §207 by failing to pay Mr. Mable

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

49.    Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all Managers of Vendor Services, Field Managers, or other Vendor Services employees of AT&T's Digital Life department nationwide, who have regularly worked in excess of forty hours per week.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50.    Mr. Mable brings this FLSA claim on behalf of all Managers of Vendor Services who work, or have worked, in AT&T's Digital Life department at any time during the Class Period.

51.    AT&T has willfully misclassified Managers of Vendor Services as salaried, exempt employees for the purpose of avoiding the overtime pay provision of the FLSA.  AT&T has done so uniformly throughout its stores nationwide by not compensating Managers of Vendor Services overtime wages. The job duties of the Managers of Vendor Services in AT&T's Digital Life department are uniform throughout all AT&T stores nationwide with regard to the intentional and willful misclassification of this class of employees.

52.    AT&T has intentionally and repeatedly engaged in the practice of

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

misclassifying non-exempt Managers of Vendor Services as salaried exempt employees under the FLSA for the purpose of minimizing payroll and increasing profitability.

53.   AT&T is liable under the FLSA for failing to properly compensate Managers of Vendor Services who worked over forty (40) hours per week, and as such, notice should be sent to past and current employees of AT&T.  It is estimated that there are thousands of current and former similarly situated Managers of Vendor Services who have worked over 40 hours per week without overtime pay in violation of the FLSA.  These similarly situated employees would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b).  These similarly situated employees are known to AT&T, are readily identifiable, and can be located only through AT&T's records.

54.   AT&T required Mr. Mable to work a mandatory seventy (70) hour per week schedule.

55.   Upon information and belief, this policy is a corporate decision and is applied uniformly to all other similarly situated employees.

## CLAIM FOR RELIEF FOR VIOLATION OF FLSA §207

56.   Plaintiff alleges and incorporates by reference paragraphs one (1) through fifty-five (55) of this Complaint and fully restates and re-alleges all facts

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

and claims herein.

57. AT&T has willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the FLSA, by misclassifying the Managers of Vendor Services as exempt under the FLSA overtime wage provision, thereby improperly failing and/or refusing to pay Mr. Mable and the Plaintiff Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA §207.

58. AT&T has been operating its business for over one century and is well aware of the FLSA, its provisions and exemptions, and knew or should have known that job titles alone (i.e. Manager of Vendor Services) are not controlling of the overtime exemption status of employment under the FLSA.

59. AT&T knowingly and willfully misclassified Mr. Mable and other employees similarly situated, comprised of the Plaintiff Class, as exempt for the purposes of decreasing costs and maximizing profitability.

60. AT&T knowingly and willfully failed to track the hours worked by most, if not all of the Managers of Vendor Services, including Mr. Mable and other employees similarly situated, comprised of the Plaintiff Class.

61. AT&T knew or should have known that the act of paying Mr. Mable and other employees similarly situated, comprised of the Plaintiff Class, on a

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

salary basis, without more, is insufficient to evade the wage and hour requirements of the FLSA.

62.    The widespread nature of AT&T's failure to pay overtime under the FLSA is demonstrative of AT&T's willful plan and scheme to evade and avoid paying overtime to all of their Managers of Vendor Services.

63.    As a result of AT&T's violations of the FLSA, Mr. Mable and the Plaintiff Class, comprised of all other employees similarly situated, have suffered damages by AT&T's failure to pay overtime compensation in accordance with FLSA §207.

64.    AT&T has not made a good faith effort to comply with the FLSA, and the overtime compensation requirements with respect to Mr. Mable and the Plaintiff Class, comprised of all other employees similarly situated.

65.    Due to AT&T's willful violation of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

66.    As a result of AT&T's unlawful acts, Mr. Mable and the Plaintiff Class, comprised of all other similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C.*

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

*§217.*

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Mable, individually, and on behalf of other past and present Managers of Vendor Services of AT&T, requests the following relief:

a)    That Mr. Mable be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Managers of Vendor Services employed by the Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for the Class;

b)    That all past and present Managers of Vendor Services be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were, or are, misclassified as an exempt employee;

c)    That the Court find AT&T in violation of the overtime compensation provisions of the FLSA;

d)    That the Court find that AT&T's violation of the FLSA was and is willful;

e)    That the Court enjoin AT&T, pursuant to *29 U.S.C. §217*, from withholding future payment of overtime compensation owed to members of the

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

Plaintiff Class;

f)      That the Court award to Mr. Mable, and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216;

g)      That the Court award Mr. Mable and the Plaintiff Class reasonable attorneys' fees and costs pursuant to FLSA §216; and

h)      That the Court award any other legal and equitable relief as this Court may deem appropriate.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 4th day of November, 2013.

Respectfully submitted by,

Mitchell L. Feldman, Esq.
Georgia Bar No. 257791
Feldman Morgado, P.A.
1201 Peachtree Street, Suite 200
Atlanta, Georgia 30361
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
Email: mfeldman@ffmlawgroup.com
*Attorney for Plaintiff*

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366